IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARNES JEWISH HOSPITAL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEX M. AZAR, II, Secretary, U.S. Department of Health & Human Services, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 1:19-cv-3411 (EGS) ) ) ) ) ) ) ) |

## ANSWER

Defendant Alex M. Azar, II, in his official capacity as Secretary of Health and Human Services, answers Plaintiffs' complaint as follows:

## INTRODUCTION

1. For the second sentence, Defendant admits that Plaintiffs are hospitals that participate in the Medicare program. The allegation that Plaintiffs qualify for direct graduate medical education ("DGME") payments for training medical residents is a legal conclusion, and no response is required. The rest of the allegations in this paragraph contain Plaintiffs' characterization of this lawsuit, and no response is required.

2. For the first sentence, Plaintiffs' reference to "approved medical training programs" is vague, and Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth of this allegation and denies it on this basis. For the second sentence, Defendant admits that Plaintiffs receive Medicare DGME payments. The allegation that Plaintiffs' DGME payments are calculated, in part, based on the number of full-time equivalent ("FTE") residents that train at each

hospital is Plaintiffs' characterization of a statute, 42 U.S.C. § 1395ww(h)(3)(A)–(B), which speaks for itself. Defendant denies the characterization and respectfully refers the Court to the statute for a complete and accurate statement of its contents. For the third sentence, the allegations are Plaintiffs' characterization of a statute, 42 U.S.C. § 1395ww(h)(4)(C)(iv), which speaks for itself. Defendant denies the characterization and respectfully refers the Court to the statute for a complete and accurate statement of its contents. For the fourth sentence, the allegations are Plaintiffs' characterization of a statute, 42 U.S.C. § 1395ww(h)(4)(F)(i), which speaks for itself. Defendant denies the characterization and respectfully refers the Court to the statute for a complete and accurate statement of its contents.

3. The allegations in this paragraph contain argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is required, denied.

4. For the first sentence, the allegations contain argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is required, denied. The rest of the allegations in this paragraph contain Plaintiffs' characterization of this lawsuit, and thus no response is required.

## JURISDICTION AND VENUE

5. Defendant admits that Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, establishes the Medicare program. The rest of the allegations in this paragraph contain Plaintiffs' characterization of this lawsuit, and no response is required.

6. For the second sentence, Defendant admits the allegations. The rest of the allegations in this paragraph contain conclusions of law, not allegations of fact, and thus no response is required. If a response is required, Defendant denies any characterization of the cited statute, which speaks for itself, and respectfully refers the Court to the statutory provision for a complete and accurate statement of its contents.

7. The allegations in this paragraph contain conclusions of law, not allegations of fact, and thus no response is required.

## PARTIES

8–15. For the first, second, and third sentences in each of these paragraphs, Defendant admits the allegations. For the fourth sentence in each of these paragraphs, the allegations contain Plaintiffs' characterization of this lawsuit, and no response is required.

16. For the first sentence, Defendant admits that Alex M. Azar, II, is the Secretary of the Department of Health and Human Services and is a federal officer. The remaining allegations in this paragraph consist of conclusions of law and Plaintiffs' characterization of this lawsuit, and no response is required.

## BACKGROUND

I.  **The Medicare Program and Payment for Hospital Services**

17. Defendant admits that the Centers for Medicare and Medicaid Services is a component of the Department of Health and Human Services. The rest of the allegations in this paragraph contain conclusions of law, and thus no response is required. If a response is necessary, denied. Defendant specifically denies any characterization of the cited statutory provision, which speaks for itself, and respectfully refers the Court to that provision for a complete and accurate statement of its contents.

18. All but the final sentence of this paragraph consist of characterizations of the cited statutory provisions, which speak for themselves. Defendant denies the characterizations and respectfully refers the Court to those provisions for a complete and accurate statement of their contents. The final sentence contains Plaintiffs' characterization of this lawsuit, and no response is required.

## II.    Direct Graduate Medical Education

19.    The allegations in this paragraph contain argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is necessary, denied. Defendant specifically denies any characterizations of the cited statutory and regulatory provisions, which speak for themselves, and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

20.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation that most, though not all, residents who are beyond the IRP are participating in post-residency fellowship programs. The remaining allegations in this paragraph contain argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is required, denied. Defendant specifically denies any characterizations of the cited statutory provisions, which speak for themselves, and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

21.    The allegations in this paragraph contain argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is necessary, denied. Defendant specifically denies any characterizations of the cited statutory provisions, which speak for themselves, and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

22.    Defendant admits that the Secretary promulgated 42 C.F.R. § 413.86(g)(4) in 1997 and admits that the regulation contains the quoted text. Defendant specifically denies Plaintiffs' characterizations of the cited regulatory provision, which speaks for itself, and respectfully refers the Court to the provision for a complete and accurate statement of its contents.

23.    Defendant admits that the quoted language appears in the cited portion of the *Federal Register*. Defendant respectfully refers the Court to that portion of the *Federal Register* for a

complete and accurate statement of its contents.

24. Defendant admits that the Secretary amended 42 C.F.R. § 413.86(g)(4) on August 1, 2001. Defendant specifically denies Plaintiffs' characterizations of the amended regulation and entries in the *Federal Register*, which speak for themselves, and respectfully refers the Court to the regulation and entries for a complete and accurate statement of their contents.

25. Defendant admits that, in 2004, CMS redesignated 42 C.F.R. § 413.86(g)(4)(iii) to 42 C.F.R. § 413.79(c)(2)(iii).

26. Defendant admits the allegations in this paragraph and respectfully refers the Court to the regulation for a complete and accurate statement of its contents.

27. The allegations in this paragraph contain argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is necessary, Defendant admits that the quoted language appears in the regulation and in the cited portion of the *Federal Register*. Defendant specifically denies any characterizations of the cited regulatory provisions and *Federal Register* entries, which speak for themselves, and respectfully refers the Court to those provisions and entries for a complete and accurate statement of their contents.

28. The allegations in this paragraph contain argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is necessary, denied. Defendant specifically denies any characterizations of the cited regulatory provisions, which speak for themselves, and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

### III.  Medicare Cost Report Appeals

29–37. The allegations in this paragraph contain argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is necessary, denied. Defendant specifically denies any characterizations of the cited provisions, which speak for themselves, and

respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

## FACTS SPECIFIC TO THIS CASE

38.     For the first and second sentences, Defendant admits the allegations. For the third sentence, the allegations consist of a legal conclusion, and thus no response is required.

39.     For the first sentence, Defendant admits that, during the fiscal years at issue in this case, Plaintiffs' FTE counts exceeded their FTE caps. For the second sentence, Defendant admits that Plaintiffs' FTE counts included residents who were both within and beyond the IRP. For the third sentence, the allegations consist of argument and a legal conclusion, and no response is required.

40.     The allegations in this paragraph consist of conclusions of law, and thus no response is required.

41.     Defendant admits the allegations in this paragraph.

42.     Defendant admits that Plaintiffs requested by letter dated October 1, 2019, that the Board grant EJR. Defendant denies Plaintiffs' characterization of that letter, which speaks for itself, and respectfully refers the Court to the letter for a full and accurate statement of its contents.

43.     Defendant admits that the Board granted EJR by letter dated October 31, 2019. Defendant denies Plaintiffs' characterization of that letter, which speaks for itself, and respectfully refers the Court to the letter for a full and accurate statement of its contents.

44.     The allegations in this paragraph contain conclusions of law, and thus no response is required.

45.     The allegations in this paragraph contain conclusions of law, and thus no response is required.

## COUNT I

**Violations of the Medicare Statute**

46. Defendant restates and incorporates by reference the responses contained in paragraphs 1–45.

47. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is necessary, denied. Defendant specifically denies any characterizations of the cited statutory and regulatory provisions, which speak for themselves, and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

48. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is necessary, denied. Defendant specifically denies any characterizations of the cited statutory and regulatory provisions, which speak for themselves, and respectfully refers the Court to those provisions for a complete and accurate statement of their contents.

49. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is necessary, denied.

50. This paragraph contains a hypothetical example, not allegations of fact, and thus no response is required. Defendant specifically denies any characterization of the cited regulatory provision, which speaks for itself, and respectfully refers the Court to that provision for a complete and accurate statement of its contents.

51. This paragraph contains a hypothetical example, not allegations of fact, and thus no response is required. Defendant specifically denies any characterization of the cited regulatory provision, which speaks for itself, and respectfully refers the Court to that provision for a complete and accurate statement of its contents.

52. The first two sentences contain a hypothetical example, not allegations of fact, and

thus no response is required. The remainder of the allegations in this paragraph contain argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is necessary, denied.

53. For the first sentence, the allegations contain argument and conclusions of law, and thus no response is required. If a response is required, denied. For the second sentence, Defendant admits that, for the fiscal years at issue, each Plaintiff trained residents who were beyond their IRPs and that each Plaintiff's unweighted resident FTE count was higher than its FTE cap. For the third sentence, the allegations consist of a legal conclusion, and thus no response is required. If a response is required, denied.

54. The allegations in this paragraph consist of argument and legal conclusions, not allegations of fact, and thus no response is required. If a response is required, denied.

55. Defendant denies the allegations in this paragraph.

## COUNT II
### Arbitrary and Capricious Agency Action

56. Defendant restates and incorporates by reference the responses contained in paragraphs 1–45.

57. The allegations in this paragraph consist of argument and conclusions of law, not allegations of fact, and thus no response is required. If a response is required, denied.

### RELIEF REQUESTED

The remaining paragraphs of the complaint contain a prayer for relief, to which no response is required. If a response is necessary, Defendant denies the allegations contained in the prayer for relief, and further contends that Plaintiffs are not entitled to the requested relief or any other relief from Defendant.

Defendant denies any and all allegations in the Complaint that he did not expressly admit—

including any allegations set forth in headings or subheadings, rather than in numbered paragraphs—to which a response is required.

## DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Defendant's actions did not violate Title XVIII of the Social Security Act, the Administrative Procedure Act, or any other statutory or regulatory provision.

3. Plaintiffs' claims arise solely under Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.* (the Medicare statute), and the Court's subject matter jurisdiction is limited to review of any final agency actions that are within the scope of 42 U.S.C. § 1395oo(f)(1).

## CONCLUSION

Having fully answered, Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding Defendant costs and such other relief as the Court may deem appropriate.

Dated: February 27, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Director

*/s/ Bradley Craigmyle*
BRADLEY CRAIGMYLE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 11216
Washington, D.C. 20005
Telephone: (202) 616-8101
Facsimile: (202) 616-8460

*Counsel for Defendant*